JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, G.S. ("appellant"), appeals the decision of the juvenile court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 {¶ 2} On December 13, 2001, appellant was adjudicated delinquent for committing voluntary manslaughter. He was also found to be a dependent child as defined by R.C. 2151.04(C). He was committed to institutionalization in a secure facility for an indefinite term consisting of a minimum of six years and a maximum period not to exceed his attainment of the age of 21 years.
 {¶ 3} On June 24, 2004, the trial court granted appellant's motion for judicial release, effective July 2, 2004. One of the journal entries generated as a result of this hearing, journalized July 2, 2004, ordered appellant to the custody of the placement officer for commitment at Kokomo Academy in Kokomo, Indiana.
 {¶ 4} The second journal entry, which was journalized on July 7, 2004, granted appellant's motion for judicial release. Appellant was released from the care and custody of the Ohio Department of Youth Services ("ODYS") into the custody of Kokomo Academy. His commitment to ODYS was suspended, and he was to continue in the temporary custody of the Cuyahoga County Department of Children and Family Services ("CCDCFS"). While at Kokomo, appellant would remain under the supervision of CCDCFS and the placement unit of the court's probation department. The court's previous order placing the child on ODYS parole was vacated.
 {¶ 5} The third journal entry, journalized on August 12, 2004, ordered the motion for judicial release granted, with appellant's release effective Friday, July 2, 2004. He was released from the custody of ODYS and placed on ODYS parole and released to the temporary custody of CCDCFS for placement at Kokomo Academy.
 {¶ 6} Appellant committed various violations during the time he was in custody. Accordingly, on April 11, 2005, Michael Violi, a private placement officer with the Cuyahoga County Juvenile Court Probation Department, filed a motion for violation of court order. Appellant's relatives, C.S. and L.S., filed a motion for legal custody of appellant on June 20, 2005, which was denied by the court.
 {¶ 7} A motion for violation of court order hearing was held on April 26, 2005. Appellant's attorney advised the court that he discussed and reviewed the case with his client. Appellant was informed of his rights by the court. He was further advised that if he made an admission to any of the allegations, he was giving up those rights. He admitted to physically assaulting staff member Iesha Campbell and verbally threatening staff member Robert West on September 14, 2004. Appellant further admitted that on October 19, 2004, he engaged in direct sexual verbal abuse, sexual intimidation, and sexual threats to staff member Jill Biddle and physically assaulted a peer on April 8, 2005.[1] He was found to be in violation and, on June 29, 2005, he was remanded to ODYS to complete the remainder of his original sentence.
 {¶ 8} Appellant filed this notice of appeal on August 4, 2005, appealing the decision of the trial court.
 I. {¶ 9} Appellant's assignment of error states the following: "The trial court committed reversible error when it reimposed appellant's remaining commitment to the Ohio Department of Youth Services."
 II. {¶ 10} The decision whether to grant a request for early release lies within the court's discretionary power to strike a desired balance between the goals of confining the juvenile for purposes of rehabilitation and the release of the juvenile to society once satisfactory progress has been made toward rehabilitation. In re Caldwell, 76 Ohio St.3d 156, 160, 1996-Ohio-410. A finding of abuse of discretion requires evidence that the decision of the trial judge was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} R.C. 2152.22(B)(1), "Court control of child following commitment to department; judicial release," provides:
"The court that commits a delinquent child to the departmentmay grant judicial release of the child to court supervisionunder this division during the first half of the prescribedminimum term for which the child was committed to the departmentor, if the child was committed to the department until the childattains twenty-one years of age, during the first half of theprescribed period of commitment that begins on the first day ofcommitment and ends on the child's twenty-first birthday,provided any commitment imposed under division (A), (B), (C), or(D) of section 2152.17 of the Revised Code has ended."
 {¶ 12} In addition, R.C. 2152.22(G) states the following:"When a child is committed to the legal custody of thedepartment of youth services, the court retains jurisdiction toperform the functions specified in section 5139.51 of the RevisedCode with respect to the granting of supervised release by therelease authority and to perform the functions specified insection 5139.52 of the Revised Code with respect to violations ofthe conditions of supervised release granted by the releaseauthority and to the revocation of supervised release granted bythe release authority."
 {¶ 13} Appellant argues that the lower court erred when it reimposed his sentence and committed him to the ODYS. Appellant claims that the court failed to invoke any continuing jurisdiction over him and, therefore, it is incapable of committing him to ODYS for the remainder of his sentence.
 {¶ 14} We do not find appellant's argument to have merit. Pursuant to R.C. 2152.22(B)(1), the court which commits a delinquent child to the department may grant judicial release of the child to court supervision under this division during the first half of the prescribed minimum term for which the child was committed to the department.
 {¶ 15} Appellant's motion for judicial release was filed on February 19, 2004. That motion was granted and later journalized on July 2, 2004. The filing of the motion for judicial release and the order granting that motion were proper. The order of June 24, 2004 fell within the first half of the prescribed minimum term appellant was committed to the ODYS. Therefore, the court had the authority to grant judicial release and require court supervision under R.C. 2152.22(B)(1).
 {¶ 16} Given the circumstances in this particular case, we find that the lower court maintained jurisdiction over appellant. The record demonstrates that the trial court addressed placement for appellant in its journal entries. The court ordered appellant to the custody of the "Placement Officer from the Placement Unit" in its July 2, 2004 journal entry.[2] The court also ordered that upon termination of the placement, appellant was to participate in aftercare supervision programming, subject to the rules of probation of the court. Moreover, Michael Violi from the court's probation department maintained contact and supervision of appellant, in accordance with R.C. 2152.19(4)(a).
 {¶ 17} A juvenile court may properly commit a delinquent minor to the Department of Youth Services for a probation violation even though a suspended commitment was not imposed at the time of the initial disposition. In re Guy (Mar. 24, 1997), Butler App. No. CA96-10-196.
 {¶ 18} The record demonstrates the lower court reimposed appellant's commitment to ODYS because of the seriousness of appellant's violent probation violations. We do not find the lower court's actions to be unreasonable, arbitrary, or unconscionable. Moreover, we find that the trial court did not commit reversible error when it reimposed appellant's remaining commitment to the ODYS.
 {¶ 19} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate
James J. Sweeney, P.J., and Colleen Conway Cooney, J.,concur.
[1] Vol. 1, Tr., pp. 9-12.
[2] This unit is part of the court's probation department.